UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NICHOLAS PIMENTEL,

                        Plaintiff,

        -against-

PORT AUTHORITY OF NY & NJ
("PANYNJ"), et al.

                        Defendants.

1:25-CV-9255 (LTS)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

LAURA TAYLOR SWAIN, Chief United States District Judge:

        In an order dated October 13, 2023, the Court barred Plaintiff Nicholas Pimentel, under

the name Aasir Azzarmi,[1] from filing any new civil action in this court *in forma pauperis* ("IFP")

without first obtaining from the court leave to file. *See Azzarmi v. Fed. Gov't*, ECF 1:23-CV-

3620, 12 (S.D.N.Y. Oct. 13, 2023), *appeal dismissed*, No. 23-1203 (2d Cir. Sept. 13, 2023)

(dismissal effective Oct. 4, 2023). Plaintiff files this new *pro se* action and has neither paid the

fees to bring this action nor filed an IFP application. The Court therefore understands that

Plaintiff seeks to proceed IFP in this action.[2] Plaintiff has not sought leave to file this action. The

---

[1] *See Azzarmi v. Neubauer*, ECF 7:20-CV-9155, 10, at 3 n.1 (S.D.N.Y. May 19, 2021)
(noting that Plaintiff also goes by the name "Nicholas Pimentel" (citing *Pimentel v. Delta Air
Lines, Inc.*, 818 F. App'x 100, 101 (2d Cir. 2020) (summary order))).

[2] Shortly after Plaintiff filed his complaint, he filed a "Request for Dismissal as This is
Not an IFP Case." (ECF 6.) In that submission, he states that "this case must be dismissed for
Plaintiff's failure to pay [the] filing fees" and that this action cannot be considered an IFP action
because Plaintiff has not submitted an IFP application. (*Id.*) To commence a civil action in a
federal district court, however, a plaintiff must either pay the fees to bring that action or seek
leave to proceed without prepayment of those fees, also known as IFP (he must file an IFP
application). *See* 28 U.S.C. §§ 1914, 1915. *There is no other option*. Because Plaintiff did not
pay the fees to bring this action when he commenced it, the Court must assume that he wishes to
proceed IFP.

Court therefore dismisses this action without prejudice for Plaintiff's failure to comply with the

Court's October 13, 2023 order in *Azzarmi*, ECF 1:23-CV-3620, 12.[3]

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order

would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal.

*See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the

reason set forth in this order.

SO ORDERED.

Dated:   February 6, 2026
            New York, New York

                                       /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                       Chief United States District Judge

---

[3] Even if the Court understood Plaintiff's "Request for Dismissal as This is Not an IFP Case" as a request for voluntary dismissal of this action, the result would be the same—dismissal of this action without prejudice. *See* Fed. R. Civ. P. 41(a)(2).